tained glucose; that the president of plaintiff Company represented that they had not been loaded or doped, but as a matter of fact he had knowledge that glucose had been applied to them; and that there was shrinkage in weight after the butts were "curried" owing to their containing large quantities of glucose.

2. SALES, § 241*—*when rule of caveat emptor applies.* "The rule of *caveat emptor* only applies to defects which are open and patent to the senses and does not apply in cases of positive fraud or misrepresentation by the vendor as to a material fact, where the purchaser, acting with reasonable prudence, had a right and did rely upon the representation."

3. TRIAL, § 862*—*rule as to directing verdict.* Where there is in the record any evidence from which, if it stood alone, the jury could, without acting unreasonably in the eye of the law, find that all the material averments of the declaration had been proved, then the cause should be submitted to the jury. The same rules are applicable where the defendant introduces evidence tending to support an affirmative defense to the plaintiff's cause of action and the plaintiff, at the close of defendant's evidence, moves for a directed verdict in his favor.

4. CONTRACTS, § 337*—*remedies of person fraudulently induced to enter into a contract.* "A person who has been fraudulently induced to enter into a contract may repudiate the contract and tender back what he has received under it, may recover what he has parted with or its value, or he may affirm the contract, keeping what he has derived under it, and recover in an action of deceit the damages caused by the fraud. And moreover, if sued upon the contract he may set up the fraud as a defense, or as a basis of a claim for damages by way of recoupment or counterclaim."

---

## Anna C. Hallstrom, Appellant, v. James T. McCullough and Susan F. McCullough, Appellees.

### Gen. No. 20,413. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JOHN M. O'CONNOR, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Appeal dismissed. Opinion filed April 13, 1914.

### Statement of the Case.

Bill by Anna C. Hallstrom against James T. McCullough and Susan F. McCullough on which a tem-

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

porary injunction was obtained. From an order dissolving the injunction, complainant appeals.

Martin & Martin, for appellant.

Louis J. Pierson, for appellees.

Mr. Presiding Justice Baker delivered the opinion of the court.

### Abstract of the Decision.

1. Appeal and error, § 309*—*when order dissolving injunction is interlocutory order.* Where a bill seeks other relief than an injunction, an order dissolving the injunction is an interlocutory order and not in legal effect a final decree dismissing the bill.

2. Appeal and error, § 309*—*right to appeal from interlocutory order dissolving injunction.* Section 123 of the Practice Act, J. & A. ¶ 8661, providing for appeals from interlocutory orders does not authorize an appeal from an order dissolving an injunction.

---

### Sampson W. Moon for use of Charles Heddon, Appellee, v. Charles E. Roberts, Appellant.

### Gen. No. 19,270.

Patents, § 33*—*provision in royalty contract construed.* A provision in a royalty stating that the "Party of the second part agrees that the minimum amount of royalties to be received by said party of the first part shall be $200 per month, provided, however, that no forfeiture of this contract shall be had under this clause if an amount equal to $600 be paid as royalties during any three consecutive months," construed to be a provision for forfeiture and not an absolute undertaking by the party of the first part to pay $200 during the life of the patent in case the royalties did not amount to the minimum sum mentioned.